IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTECH DIAGNOSTICS, INC.<br>17672B Cowan Ave.<br>Irvine, CA 92614,<br><br>Plaintiff,<br><br>v.<br><br>JUSTIN DESOLA, INDIVIDUALLY AND<br>D/B/A MT. SINAI ANIMAL CLINIC<br>2175 36th Street<br>Long Island City, NY 11105,<br><br>and<br><br>MT. SINAI ANIMAL SERVICES INC. D/B/A<br>MT. SINAI ANIMAL CLINIC<br>23-08 30th Avenue, 2nd Floor<br>Astoria, NY 11102,<br><br>Defendants. | **COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**Case No.: 16-cv-4640** |

## PLAINTIFF'S COMPLAINT

Plaintiff, Antech Diagnostics, Inc., brings this Complaint against Defendants, Justin DeSola, Individually and d/b/a Mt. Sinai Animal Clinic, and Mt. Sinai Services Inc. d/b/a Mt. Sinai Animal Clinic, stating as follows:

### PARTIES

1.    Plaintiff, Antech Diagnostics, Inc., ("Antech") is a California corporation, with a principal place of business of the captioned address in Irvine, California. Antech is registered to do business in the State of New York.

2. Defendant, Justin DeSola, Individually and d/b/a Mt. Sinai Animal Clinic is a citizen of New York, residing at 2175 36th Street, Long Island City, NY 11105, in Queens County. He is the owner and operator of the Mt. Sinai Animal Clinic located at 23-08 30th Avenue, 2nd Floor, Astoria, NY 11102, in Queens County.

3. Defendant, Mt. Sinai Animal Services Inc. d/b/a Mt. Sinai Animal Clinic is a corporation organized and existing under New York law, with principal place of business at 23-08 30th Avenue, 2nd Floor, Astoria, NY 11102, in Queens County.

4. Mr. DeSola, Individually and d/b/a Mt. Sinai Animal Clinic, and Mt. Sinai Animal Services Inc. d/b/a Mt. Sinai Animal Clinic are referred to collectively herein as "Defendants."

## JURISDICTION AND VENUE

5. Federal jurisdiction exists pursuant to 28 U.S.C. §1332. Complete diversity of citizenship exists between Antech on the one hand, and Defendants on the other, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6. Venue is proper in the Eastern District of New York because a substantial part of the events or omissions on which the claims are based occurred in that District and the subject contract was executed there.

## FACTS

7. On or about July 29, 2015, Antech entered into a written Exclusive Laboratory Services Agreement (the "Agreement") with Defendants effective August 1, 2015, a true and correct copy of which is attached hereto as **Exhibit A**.

8. With limited exceptions not applicable here, Defendants agreed to use Antech as their exclusive provider of veterinary diagnostic and clinical laboratory services (the "Laboratory Services") for a term of six years from the effective date (the "Term").

9. In exchange for Defendants' exclusive use of Antech, and for a minimum annual amount of laboratory services fees, Antech provided Defendants with an $18,000 loan. A copy of the promissory note is attached to the Agreement.

10. Defendants failed to meet their obligations under the Agreement.

11. Antech gave notice of Defendants' default.

12. On February 23, 2016, Antech and Defendants executed an Amendment No. 1 to Exclusive Laboratory Services Agreement. A true and correct copy is attached as **Exhibit B**.

13. Upon information and belief, shortly after executing the Amendment, Defendants ceased their business operations.

14. At about that time, Defendants entirely stopped purchasing laboratory services from Antech.

15. Since Defendants ceased purchasing laboratory services, Antech has attempted to contact Defendants about their obligations under the Agreement and the Amendment, but has received no response.

16. Defendants had no right or ability to stop purchasing Laboratory Services from Antech, or to terminate the Agreement.

17. Defendants owe Antech for laboratory services rendered in the amount of $1,962.83.

18. Defendants have not paid back, or earned forgiveness of, the $18,000 loan made to them by Antech.

19. Defendants failed to meet the minimum annual amount of laboratory services fees guaranteed under the Agreement.

20. Defendants' failure to perform under the Agreement has deprived Antech of lost profits for the remaining term of the agreement, which Antech calculates to be $75,610.11.

## COUNT I – BREACH OF CONTRACT

21. Antech hereby incorporates by reference the allegations set forth in paragraphs 1 through 20 of the Complaint.

22. The Agreement constitutes a valid and binding contract between Antech and Defendants.

23. Antech performed all material conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Agreement.

24. Defendants have breached the Agreement, by *inter alia*, ceasing to use Antech's Laboratory Services before the end of the Term, purporting to terminate the Agreement before the end of the Term, failing to pay amounts due for Laboratory Services provided by Antech, failing to reimburse for the equipment incentive provided, and/or, upon information and belief, purchasing laboratory services from Antech's direct competitor on an exclusive or near-exclusive basis and/or entering into an agreement with this competitor to do so.

25. As a direct result of Defendants' breach as alleged herein, Antech has suffered monetary damages, including but not limited to lost profits, amounts due for services provided but never paid for, and amounts due for incentives provided, for a total amount of $95,572.94.

WHEREFORE, Plaintiff, Antech Diagnostics, Inc., demands judgment against Defendants on Count I for the sum certain of $95,572.94, together with interest, costs of suit and such other relief as the court deems just.

### COUNT II – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

26. Antech hereby incorporates by reference the allegations set forth in paragraphs 1 through 25 of this Complaint.

27. The Agreement is a valid and binding contract between Antech and Defendants.

28. The Agreement contains an implied covenant of good faith and fair dealing, providing that neither party shall do anything that will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.

29. Antech performed all material conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Agreement.

30. Defendants have breached the Agreement by, *inter alia*, ceasing to use Antech's Laboratory Services before the end of the Term, purporting to terminate the Agreement before the end of the Term failing to pay amounts due for Laboratory Services provided by Antech, failing to reimburse for the equipment incentive provided, and/or, upon information and belief, purchasing Laboratory Services from Antech's direct competitor on an exclusive or near-exclusive basis and/or entering into an agreement with this competitor to do so.

31. Upon information and belief, by purchasing laboratory services from Antech's competitor instead of from Antech and/or by entering into an agreement with Antech's competitor to purchase laboratory services exclusively or nearly exclusively from this competitor, Defendants have knowingly and intentionally acted to make it impossible for them to perform under the Agreement, thereby breaching the implied covenant of good faith and fair dealing.

32. As a direct result of Defendants' breaches of the implied covenant of good faith and fair dealing, as alleged herein, Antech has suffered monetary damages, including but not limited to lost profits, amounts due for services provided but never paid for, and amounts due for incentives provided, for a total amount of $95,572.94.

WHEREFORE, Plaintiff, Antech Diagnostics, Inc., demands judgment against defendants on Count II for the sum certain of $95,572.94 together with interest, costs of suit and such other relief as the court deems just.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all counts and as to all issues.

Respectfully submitted,

**LAVIN, O'NEIL, CEDRONE & DiSIPIO**

BY: /s/ *Timothy McHugh*
Timothy McHugh, Esquire
420 Lexington Avenue
Graybar Building
Suite 335
Tel No.: (212) 319-6898
Fax No.: (212) 319-6932

*Attorneys for Plaintiff,
Antech Diagnostics, Inc.*

Dated: August 19, 2016.